**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMIE HAMILTON *ex rel.* W.F.H., III,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　Defendant. | CASE NO. 1:23-cv-02429<br><br>JUDGE DAVID A. RUIZ<br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

　　　This matter is before the Court on the Report and Recommendation of Magistrate Judge Reuben J. Shepherd. (R. 12). In this case, Plaintiff Jamie Hamilton filed a Complaint, on behalf of her minor child, W.F.H., III, challenging the final decision of the Commissioner of Social Security denying her application for supplemental security income (SSI) on behalf of W.F.H. (R. 1). Pursuant to Local Rule 72.2, the case was referred to the Magistrate Judge. The Magistrate Judge's Report and Recommendation (R&R) recommends that the Court affirm the Commissioner's decision. (R. 12). Plaintiff filed objections within the fourteen-day deadline (R. 14), and the Commissioner filed a response. (R. 15). For the reasons stated below, the R&R is adopted in its entirety.

**I. Standard of Review**

　　　When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a de novo review of those portions of the Report to which an objection has been made.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). If specific objections have been made, then the primary issue becomes "whether [the Commissioner's decision] is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the Administrative Law Judge (ALJ). *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a scintilla of evidence but less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*.

(quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## II. Standard for Determining Disability for Children

An individual under the age of eighteen "shall be considered disabled … if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). In determining whether such a claimant is disabled, the ALJ employs a three-step sequential evaluation process. 20 C.F.R. § 416.924(a). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful activity. *Id.* § 416.924(b). At step two, the ALJ must determine whether the claimant has a medically determinable impairment or combination of medically determinable impairments that is "severe." *Id.* § 416.924(c). If the claimant does not have an impairment or combination of impairments that is severe, then he is not disabled. *Id.* If the claimant has a severe impairment, then the ALJ proceeds to step three. *Id.*

At step three, the ALJ must determine whether the claimant has an impairment or

combination of impairments that meets or medically equals the criteria of a relevant listing. *Id.* § 416.924(d). In making that determination, the ALJ must consider the combined effect of all the claimant's medically determinable impairments, including those that are not severe. *Id.* §§ 416.923, 416.924a(b)(4), 416.926a(a), (c). An impairment or combination of impairments meets or medically equals a listing if the impairment or combination of impairments results in "marked" limitations in two functional areas or an "extreme" limitation in one functional area. 20 C.F.R. Part 404, Subpart P, App'x 1, § 112.00(A)(2)(ii). The four functional areas are (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* § 112.00(A)(2)(b).

If the claimant's severe impairment or combination of impairments does not meet or medically equal a relevant listing, then the ALJ "will decide whether it results in limitations that functionally equal" a relevant listing. *Id.* § 416.924a(a). In determining whether an impairment or combination of impairments functionally equals a listing, the ALJ must assess the claimant's functioning in six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. *Id.* § 416.926(b). In making this assessment, the ALJ must determine how appropriately, effectively, and independently the claimant performs activities compared to other children of the same age who do not have impairments. *Id.* To functionally equal the listings, the claimant's impairment(s) must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *Id.* § 416.926a(b)(1), (d).

### III. Analysis

**A. Background**

The Court adopts and incorporates the recitation of the factual and treatment history from the R&R. (R. 12). The ALJ found that W.F.H. had severe impairments of "autism spectrum disorder; attention deficit hyperactivity disorder [(ADHD)]; dyslexia; specific learning disorder; posttraumatic stress disorder; mild sleep-disordered breathing; and insomnia." (R. 7, PageID# 50, Tr. 18). He concluded that W.F.H. did not have an impairment or combination of impairments that met or medically equaled a relevant listing. (*Id.* at PageID# 50–52, Tr. 18–20 (citing 20 C.F.R. pt. 404, subpt. P., app. 1 §§ 112.10, 112.11, 112.15)). In coming to this conclusion, the ALJ analyzed W.F.H.'s degree of limitation in each of the four functional areas. *Id.* He determined that W.F.H. had a marked limitation in understanding, remembering, or applying information and moderate limitations in the remaining functional areas. *Id.*

As relevant here, the ALJ determined that W.F.H. had a moderate limitation in concentrating, persisting, or maintaining pace. (*Id.* at PageID# 51–52, Tr. 19–20). The ALJ noted that W.F.H. "require[d] prompting to remain on task and ha[d] a tendency to abandon problems he deem[ed] too difficult," had fallen asleep in class, and had "daytime sleepiness." (*Id.* at PageID# 52, Tr. 20 (citing *id.* at PageID# 332–37, Tr. 300–05)). The ALJ further noted that during the psychological consultative examination when W.F.H. was ten years old, W.F.H. reported that he found "it difficult to focus on directions and carry them out" and had "lots of energy," such that he felt as if he had to "handcuff [him]self to a chair or [he] will get up when [he's] not supposed to." *Id.* (citing *id.* at PageID# 979–88, Tr. 947–56). "However, the treatment records show that [W.F.H.] experiences reduction in his hyperactivity symptoms with the use of medication." *Id.*

5

The ALJ also determined that W.F.H. had a moderate limitation in adapting or managing himself. *Id.* He noted that W.F.H.'s mother "reported that he ha[d] difficulty adapting to any change in his routine or schedule." *Id.* His "teachers reported that [he] ha[d] difficulty tolerating frustration," expected to be given attention immediately when he wanted it, and cried when frustrated. *Id.* The ALJ further noted that W.F.H. "ha[d] rigid thought processes and difficulty being flexible with changes." *Id.* (citing *id.* at PageID# 608, Tr. 576). Finally, he noted that W.F.H reported "difficulty controlling his feelings of anger towards children who bully him." *Id.* (citing *id.* at PageID# 979–88, Tr. 947–56).

The ALJ concluded that W.F.H. "retain[ed] a fair capacity to adapt and manage himself." *Id.* When evaluating listing 112.15's "paragraph C" criteria, the ALJ noted that although W.F.H. "require[d] accommodations in school" and "some prompting to complete tasks at home and school," he was able to "attend and participate in classes" and "independently dress and feed himself." *Id.* Later, he noted Plaintiff's testimony that W.F.H. was "generally independent in self-care activities such as dressing and brushing his teeth," though he "need[ed] assistance with bathing and ha[d] difficulty with buttoning and using zippers." (*Id.* at PageID# 54, Tr. 22). He also noted evidence that although W.F.H. had some difficulties interacting with and responding to peers appropriately, he was well-behaved in class and got along with others. (*Id.* at PageID# 57–58, Tr. 24–25).

Then, the ALJ concluded that W.F.H. did not have an impairment or combination of impairments that functionally equaled the relevant listings. (*Id.* at PageID# 52–61, Tr. 20–29). He found that W.F.H. had a marked limitation in acquiring and using information, no limitation in moving about and manipulating objects, and less than marked limitations in the remaining domains. *Id.* As relevant here, he determined that W.F.H. had a less than marked limitation in

attending and completing tasks. (*Id.* at PageID# 55–57, Tr. 23–25). He noted school and medical records showing that W.F.H. had difficulty focusing, "working at a reasonable pace and finishing his assignments on time," completing work, paying attention to details, and "follow[ing] through on instructions." *Id.* (citing *id.* at PageID# 294, 303, 322, 526, 1540, Tr. 262, 271, 290, 494, 1508). He further noted the 2019 Teacher Questionnaire indicating that W.F.H. had an "obvious problem working at a reasonable pace and finishing his assignments on time" and slight problems "focusing long enough to finish his tasks[,] sustaining attention during play in sports activities, organizing his belongings[,] completing class and homework assignments[,] … avoiding careless mistakes on his work." *Id.* (citing *id.* at PageID# 294, Tr. 262). Then, the ALJ noted that in June 2021, Plaintiff reported to the provider who prescribed W.F.H.'s ADHD medication that the "medication helped [W.F.H.] focus better but appeared to be wearing off at the end of the day." (*Id.* at PageID# 56, Tr. 24 (citing *id.* at PageID# 1582, Tr. 1550)). In August 2021, Plaintiff "reported that W.F.H. had been fidgety at night, but his ADHD symptoms were controlled during the day on medication." *Id.* (citing PageID# 1575, Tr. 1543).

Plaintiff's Brief on the Merits set forth three assignments or error. (R. 8, PageID# 1602–08). Plaintiff argued that the ALJ's determination that W.F.H. did not have an impairment or combination of impairments that met or medically equaled a relevant listing was not supported by substantial evidence. (*Id.* at PageID# 1602–06). Specifically, she argued that the ALJ "failed to sufficiently explain why" he determined that W.F.H. had moderate, rather than marked, limitations in the areas of concentrating, persisting, or maintaining pace and adapting or managing himself. *Id.* She further argued that the ALJ's determination that W.F.H. did not have an impairment or combination of impairments that functionally equaled a relevant listing was not supported by substantial evidence. (*Id.* at PageID# 1606–08). Specifically, she argued that "the

7

ALJ failed to sufficiently explain why" he determined that W.F.H. had a less than marked limitation in the domain of attending and completing tasks. *Id.*

The Magistrate Judge rejected these contentions and recommended affirming the ALJ's decision. (R. 12, PageID# 1640). He determined that the ALJ's conclusions that W.F.H. did not have marked limitations in concentrating, persisting, or maintaining pace; adapting or managing himself; and attending and completing tasks were each supported by substantial evidence in the record. (*Id.* at PageID# 1651–60). On concentrating, persisting, or maintaining pace, he reasoned that the ALJ "noted his reliance on the improvements in W.F.H.'s symptoms when taking his prescribed medications" and the state agency experts' opinions. (*Id.* at PageID# 1654). He further reasoned that when evaluating functional equivalence, the ALJ "considered a Teacher Questionnaire completed in November 2019" and noted that Plaintiff reported that W.F.H.'s ADHD medication "helped him maintain focus and that his ADHD symptoms were controlled during the day." (*Id.* at PageID# 1653). On adapting or managing oneself, he noted that the ALJ considered W.F.H.'s difficulties adapting to change, tolerating his feelings of frustration, controlling his anger, keeping on task, and interacting with and responding appropriately to peers. (*Id.* at PageID# 1655–56). He also noted that the ALJ considered the listing 112.15 "paragraph C" criteria, W.F.H.'s abilities "to perform some household chores" and get along with others, and W.F.H.'s "general independen[ce] in self-care activities such as dressing and brushing his teeth" despite his need for "assistance with bathing and using buttons or zippers." *Id.* The Magistrate Judge reasoned that "the ALJ thoroughly considered the evidence relevant to this listing-severity domain before arriving at the conclusion that there was a moderate limitation." (*Id.* at PageID# 1656). On attending and completing tasks, he reasoned that the "ALJ cited evidence both supportive of and contradictory to [Plaintiff]'s arguments." (*Id.* at PageID#

1660).

**B. Objections**

Plaintiff objects to the Magistrate Judge's determinations that the ALJ's conclusions that W.F.H. did not have marked limitations in adapting or managing himself; concentrating, persisting, or maintaining pace; and attending and completing tasks were supported by substantial evidence. (R. 13, PageID# 1663–66). Specifically, as to concentrating persisting, or maintaining pace and adapting or managing oneself, Plaintiff asserts that the ALJ did not "comply with procedure." (*Id.* at PageID# 1664). She contends that to determine the ALJ's error was harmless and affirm his decision, the Magistrate Judge should have applied "the legal-error standard," which "requires that a reasonable fact finder be unable to disagree with" the ALJ's decision. *Id.* (citing *Dodson v. Colvin*, No. 3:25cv497, 2016 WL 541471, at *15–16 (N.D. Ohio Feb. 11, 2016)). As to attending or completing tasks, she argues that "[i]t [wa]s unclear how" the ALJ balanced the "one[] 2019 questionnaire … against the other evidence." (*Id.* at PageID# 1666). She further argues that the ALJ's "brief discussion d[id] not meaningfully demonstrate why [W.F.H.] would have only [a] less than marked limitation in th[is] functional-equivalence domain." *Id.* These objections are unavailing.

**1. Adapting or Managing Oneself**

Adapting or managing oneself "refers to the abilities to regulate emotions, control behavior, and maintain well-being in age-appropriate activities and settings." 20 C.F.R. Part 404, Subpart P, App'x 1, § 112.00(E)(4). Examples include responding to demands, adapting to changes, managing psychologically based symptoms, setting goals, making plans independently, and maintaining personal hygiene. *Id.*

Here, the ALJ determined that W.F.H. had a moderate limitation in adapting or managing

himself. (R. 7, PageID# 52, Tr. 20). The ALJ acknowledged that W.F.H. struggled to adapt "to any change in his routine or schedule." *Id.* He further acknowledged that a teacher "reported that [W.F.H.] has difficulty tolerating frustration," expected to receive attention immediately when he wanted it, and cried when frustrated. *Id.* He noted that W.F.H. "had rigid thought processes and difficulty being flexible with changes" and reported "difficulty controlling his feelings of anger towards children who bully him." *Id.* (citing *id.* at PageID# 608, 981, Tr. 576, 949).

The ALJ, however, also determined in his consideration of the "paragraph C" criteria that W.F.H. "has better than marginal functioning," noting his abilities "to attend and participate in classes at a public school" and "to independently dress and feed himself." *Id.* Later, he further noted Plaintiff's testimony that W.F.H. was "generally independent in self-care activities such as dressing and brushing his teeth," though he "need[ed] assistance with bathing and ha[d] difficulty with buttoning and using zippers." (*Id.* at PageID# 54, Tr. 22). He also noted that although W.F.H. had some difficulties interacting with and responding to peers appropriately, he was well-behaved in class and got along with others. (*Id.* at PageID# 57–58, Tr. 24–25). When considering the evidence relevant to this area, the ALJ provided a sufficient explanation of his reasoning, building a logical bridge. *See Petroski v. Comm'r of Soc. Sec.*, No. 2:19cv160, 2020 WL 9264982, at *12 (W.D. Mich. Sept. 10, 2020). His conclusion that W.F.H. had a moderate limitation in adapting and managing himself, provides a balanced consideration of the record evidence, and is supported by substantial evidence. *See id.*

### 2. Concentrating, Persisting, or Maintaining Pace

Concentrating, persisting, or maintaining pace "refers to the abilities to focus attention on activities and stay on task age-appropriately." 20 C.F.R. Part 404, Subpart P, App'x 1, § 112.00(E)(3). Examples include engaging in activity "at an appropriate and consistent pace,"

completing tasks in a timely fashion, "ignoring or avoiding distractions while engaged in an activity or task," "changing activities without being disruptive," and "engaging in an activity or task close to or with others without interrupting or distracting them." *Id.*

Here, Plaintiff argues that the ALJ did not "comply with procedure," and the Magistrate Judge and this Court should apply "the-legal error standard," referenced above, rather than the substantial evidence standard. (R. 13, PageID# 1664). She alleges that the ALJ failed to "comply with procedure" because he "did not clearly explain why [he] found less than marked limitations in" concentrating, persisting, or maintaining pace. (*Id.* at PageID# 1664–65). Despite Plaintiff's contention, the substantial evidence standard plainly governs a court's review of an ALJ's decision. *See Rogers*, 486 F.3d at 241; *Hephner*, 574 F.2d at 362; 42 U.S.C. § 405(g).

Moreover, the ALJ provided sufficient explanation to support his determination regarding W.F.H.'s limitations in concentrating, persisting, or maintaining pace. The ALJ noted W.F.H.'s difficulties in this area but also noted that "the treatment records show[ed] that [W.F.H.] experiences reduction in his hyperactivity symptoms with the use of medication." (R. 7, PageID# 52, Tr. 20). The ALJ considered the 2019 Teacher Questionnaire and Plaintiff's statements to the provider who prescribed W.F.H.'s ADHD medication in his evaluation of the functional equivalence domain of attending and completing tasks. (*See* R. 7, PageID# 56, Tr. 24). The Teacher Questionnaire indicated that W.F.H. had only an "obvious problem" with working at a reasonable pace and timely completing assignments and had a "slight problem" focusing and sustaining attention. (*See id.* at PageID# 51–52, 55–57, Tr. 19–20, 23–25). As for Plaintiff's statements to W.F.H.'s prescribing provider, the ALJ noted that in June 2021, Plaintiff "reported that [W.F.H.'s] medication helped [him] maintain focus but appeared to be wearing off at the end of the day." (*Id.* at PageID# 56, Tr. 24 (citing *id.* at PageID# 1582, Tr. 1550)). The ALJ further

noted that in August 2021, Plaintiff "reported that [W.F.H.] had been fidgety at night, but his ADHD symptoms were controlled during the day on medication." *Id.* (citing *id.* at PageID# 1575, Tr. 1543). In addition, the ALJ referenced that Plaintiff reported that "this restlessness only really bother[ed] [W.F.H.] at night," and she "compare[d] it to restless leg syndrome." (*Id.* at PageID# 1575, Tr. 1543). Based on this evidence, the ALJ concluded that W.F.H. had a moderate limitation in this area. (*Id.* at PageID# 51–52, Tr. 19–20). Because the ALJ considered and relied on relevant evidence, he adequately explained his reasoning underlying the conclusion regarding W.F.H.'s limitation in this area. *See Petroski*, 2020 WL 9264982, at *12. Therefore, the ALJ's conclusion that W.F.H. had a moderate limitation in concentrating, persisting, and maintaining pace is supported by substantial evidence. *See id.*

Although other record evidence demonstrates W.F.H. struggled in this functional domain, the deferential standard of review requires the Court to affirm the ALJ's decision so long as it is supported by substantial evidence. *Cutlip*, 25 F.3d at 286; *Mullen*, 800 F.2d at 545. This is true even if the court would have decided the matter differently, *Cutlip*, 25 F.3d at 286, and if substantial evidence would support an opposite conclusion than reached by the ALJ, *Mullen*, 800 F.2d at 545. Therefore, because the ALJ's conclusion that W.F.H. had a moderate limitation in this area is supported by substantial evidence, the Court agrees with the Magistrate Judge's R&R, and the ALJ's decision is affirmed.

### 3. Attending and Completing Tasks

The domain of attending and completing tasks considers how well a claimant is able to "focus and maintain … attention"; "begin, carry through, and finish … activities, including the pace at which [the claimant] perform[s] activities and the ease with which [he] change[s] them." 20 C.F.R. § 416. 926a(h). For example, a school-age child "should be able to focus [his]

attention in a variety of situations in order to follow directions, remember and organize [his] school materials, and complete assignments." *Id.* § 416.926a(h)(2)(iv). The child "should be able to concentrate on details and not make careless mistakes in [his] work." *Id.* He should be able to change activities without distraction, stay on task and in place when appropriate, and sustain attention "well enough to participate in group sports, read by [him]self, and complete family chores. *Id.*

Here, the ALJ concluded that W.F.H. had a less than marked limitation in the domain of attending and completing tasks. (R. 7, PageID# 55–57, Tr. 23–25). The ALJ noted record evidence documenting W.F.H.'s difficulties focusing, "working at a reasonable pace and finishing his assignments on time," completing work, paying attention to details, and "follow[ing] through on instructions." *Id.* (citing *id.* at PageID# 294, 303, 322, 526, 1540, Tr. 262, 271, 290, 494, 1508). The ALJ further noted the 2019 Teacher Questionnaire indicating that W.F.H. had an "obvious problem working at a reasonable pace and finishing his assignments on time" and slight problems "focusing long enough to finish his tasks[,] sustaining attention during play in sports activities, organizing his belongings[,] completing class and homework assignments[,] … [and] avoiding careless mistakes on his work." *Id.* (citing *id.* at PageID# 294, Tr. 262). The ALJ also noted that Plaintiff reported to W.F.H.'s prescribing provider "that [W.F.H.'s] medication helped [him] maintain focus but appeared to be wearing off at the end of the day" and that W.F.H. "had been fidgety at night, but his ADHD symptoms were controlled during the day on medication." (*Id.* at PageID# 56, Tr. 24 (citing *id.* at PageID# 1575, 1582, Tr. 1543, 1550)). The ALJ's analysis of relevant evidence adequately explained his reasoning, thereby building a logical bridge between the record evidence and his conclusion regarding W.F.H.'s limitation in attending and completing tasks. *See Petroski*, 2020 WL 9264982, at *12.

The Court agrees with the Magistrate Judge's R&R that the ALJ's conclusion that W.F.H. had a less than marked limitation in attending and completing tasks is supported by substantial evidence. *See id.* Therefore, as explained above, even though the record contains evidence that could support a different conclusion, the Court must and will affirm the ALJ's decision.

### III. Conclusion

The Court has carefully reviewed the R&R according to the above-referenced standard as well as the ALJ's decision and Plaintiff's objections. The Court agrees with the Magistrate Judge's resolution of the issues raised and overrules Plaintiff's objections. Consequently, the Magistrate Judge's R&R, (R. 12), is adopted and the Commissioner's decision is affirmed.

IT IS SO ORDERED.

Date: March 31, 2025

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge